I respectfully dissent from the majority's opinion. I believe that Defendant's case is governed by the law in effect prior to July 1, 1996. When Senate Bill 2 became effective on July 1, 1996, the new law provided that,
 Chapter 2967. of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, and a person upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996.
R.C. 2967.021(A). The new Chapter 2967 would apply to persons convicted for offenses that occurred on or after July 1, 1996. R.C. 2967.021(B).
The version of Chapter 2967 of the Revised Code that existed before July 1, 1996, excluded parolees from persons "considered to be in custody" and subject to prosecution for escape. R.C. 2967.15(C)(2). When Defendant failed to report to his parole officer on July 6, 1999, the escape statute provided that "[n]o person, knowing he is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention." R.C. 2921.34(A). A person who is not in detention cannot be found to have violated the escape statute.
Prior to July 1, 1996, the statutory definition of "detention" included arrest, confinement, and "supervision by an employee of the department of rehabilitation and correction of a person on any type of release * * *other than release on parole or shock probation. * * * Detention does not include supervision of probation or parole." (Emphasis added.) R.C.2921.01(E). By statutory definition, Defendant cannot be a person in detention or in custody because he was on parole subsequent to conviction and sentencing for offenses that occurred prior to July 1, 1996.
None of the changes in the status of a parolee since the effective date of Senate Bill 2 can be applied to Defendant, by operation of R.C. 2967.021(A), which states
 Chapter 2967. of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, and a person upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996.
(Emphasis added.)
While changing the statutes to include parolees as persons in detention, the General Assembly never changed R.C. 2967.021(A). The General Assembly in R.C. 2967.021 specifically stated that the statutes regarding parole, probation and pardon that were in effect prior to the effective date of Senate Bill 2 should apply to persons who committed offenses prior to that date. Consequently, Defendant could not be convicted of escape, because he was specifically excluded from those persons in custody or detention, a necessary element of the crime.
I would sustain Defendant's first and fourth assignments of error and reverse the judgment of the trial court.